Matthias, J.
 

 The only question of law presented in this case is whether, upon the agreed statement of facts, the relator is entitled to a writ of mandamus requiring the issuance of warrants by the Auditor of
 
 *63
 
 State for the funds claimed to be due and unpaid to the village of Walbridge.
 

 Section 6064-29, General Code, requires that all fees collected by the. Department of Liquor Control shall be paid to the Treasurer of State as custodian of the undivided liquor permit fund and ‘ ‘ shall be
 
 distributed
 
 on order of the
 
 Auditor of State
 
 at quarterly calendar periods, as follows:
 

 “To each municipal corporation,
 
 the aggregate amount shown by the statements to have been collected from permits therein, for the use of the general revenue fund of such municipality.” (Italics ours.)
 

 This statute makes it the mandatory duty of the Auditor of State to distribute such fund to the various municipal corporations of the state. Under the provisions of Section 4298, General Code, the village treasurer, and only the village treasurer, was authorized to receive it. That section is as follows:'
 

 “The treasurer shall demand and receive from the county treasurer taxes levied and assessments made and certified to the county auditor by authority of the council, and by the auditor placed on the tax-list for collection, and from persons authorized to collect or required to pay them, moneys accruing to the corporation from judgments, fines, penalties, forfeitures, licenses, and costs taxed in the mayor’s or police courts, and debts due the corporation, and he shall disburse them on the order of such person or persons as may be authorized by law or ordinance to issue orders therefor.”
 

 The duties conferred upon the clerk of the village are enumerated in Sections 4281 and 4284, General Code, which provide as follows:
 

 Section 4281. “The clerk shall keep the books of the village, exhibit accurate statements of all moneys received and expended of all the nropertv owned bv the village and the income derived therefrom and of
 
 *64
 
 all taxes and assessments, and the village council may by majority vote merge the duties of the clerk of the board of trustees of public affairs with the duties of the clerk of the village, allowing said clerk of the village such additional assistance in performing such additional duties as the council may determine, and such additional compensation for such additional duties as may be provided by the action of the council.”
 

 Section 4284. “At the end of each fiscal year, or of tener if required by council, the auditor shall examine and audit the accounts of all officers and departments. He shall prescribe the form of accounts and reports to be rendered to his department, and the form and method of keeping accounts by all other departments, and, subject to the powers and duties of the state Bureau of Inspection and Supervision of Public Offices, shall have the inspection and revision thereof. Upon the death, resignation, removal or expiration of the term of any officer, the auditor shall audit the accounts of such officer, and if such officer be found indebted to the city, he shall immediately give notice thereof to council and to the solicitor, and the latter shall proceed forthwith to collect the indebtedness.”
 

 It is to be observed that none of these provisions authorizes payment to or receipt by the clerk of any money due or payable to the village, but that, on the contrary, no officer except the village treasurer is authorized to receive any money for or on behalf of the village. It follows that the Auditor of State was specially enjoined by law to issue his warrants for the, payment of. such money as was due the village to the treasurer of the village.
 

 It is the contention of the relator that payment to someone unauthorized to receive it was not payment to the village and the amount due it remains due and unpaid, and that in contemplation of law the liquor
 
 *65
 
 permit fund still contains the money to which the village is entitled.
 

 It is now conceded by respondent that payment was not made to the officer of the village authorized by law to receive money for and in behalf of the village, but he contends that the village clerk received the money under “color of office” and thereby it became 'the money of the village. To adopt such view would be to wholly ignore the specific provisions of the statute designating the only village official authorized to receive moneys for and in behalf of the village, for it was because of disregard for or oversight of that statutory provision that the money in question never reached the treasury of the village.
 

 The record does not disclose that there was any representation or pretense of official right upon the part of Cavanaugh to receive the money in question. In any event, we are not concerned in this case with the question of the possible recovery of the fund from Cavanaugh or on his bond, if there be any. Our only question is whether a concededly unauthorized payment to him constitutes payment to the village and discharge of the indebtedness. Certainly no one would claim that payment of money by a debtor to a person unauthorized by his creditor to receive it would serve to discharge the debt and release and acquit the debtor.
 

 It should be stated that since the occurrence giving rise to this suit the practice of issuing warrants to clerks of municipalities in payment of sums due municipalities under Section 6064-29, General Code, has been discontinued and all are now made payable to and transmitted to the treasurers of the various municipalities.
 

 It having been conceded that the money is due the village and has not been paid, and it being further conceded that no warrant therefor has been issued as re
 
 *66
 
 quired by the clear and specific mandate of the statute, it follows that the writ of mandamus should issue as prayed for in the petition.
 

 Writ allowed.
 

 Weygandt, C. J., Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.